IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne J. Soules, Jr.,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Susan McClintock, Warden,<br><br>　　　　Respondent. | No. CV 13-0082-TUC-RCC (EJM)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Wayne J. Soules, Jr., proceeding pro se and presently confined at the Federal Correctional Institution in Safford, Arizona, has filed a Petition Under 28 U.S.C. § 2241 For A Writ of Habeas Corpus By A Person in Federal Custody (Doc. 1). Respondent has filed a Return to Petition Under 28 U.S.C. § 2241 For A Writ Of Habeas Corpus By A Person In Federal Custody and Motion To Dismiss Habeas Petition For Mootness (Doc. 8). Petitioner has not filed a Reply. Pursuant to the Rules of Practice of this Court, LR Civ 72.1, this matter was referred to the Magistrate Judge for a Report and Recommendation. (Doc. 4, 10). After considering the briefing, exhibits and relevant law, the Magistrate Judge recommends that the habeas petition be denied as moot.

**I.　　FACTUAL BACKGROUND**

1    On May 12, 2009, Petitioner was sentenced by a Utah state court to an indeterminate sentence of up to five years for a drug offense conviction. (Doc. 8, ¶ 4; Ex. 1, Declaration of Jeffrey R. Johnson (Johnson Decl.) ¶ 5).[1] On July 20, 2009, while serving his Utah state sentence, Petitioner was transferred to the custody of the U.S. Marshal Service under a federal writ of habeas corpus ad prosequendum issued by the District of Wyoming. (*Id*., ¶ 5; Johnson Decl. ¶ 6). On August 23, 2010, the federal district court in Wyoming sentenced Petitioner to 192 months of imprisonment on his conviction for methamphetamine distribution. (*Id*., ¶¶ 2 &6; Johnson Decl. ¶ 7). The Judgment issued by the federal district court in Wyoming did not address whether the federal sentence was to run concurrently or consecutively to Petitioner's Utah state sentence. (*Id*., ¶ 7; Johnson Decl. ¶ 7).

Petitioner was returned to the Utah state prison on September 21, 2010. (*Id*., ¶ 8; Johnson Decl. ¶ 8). On February 15, 2011, Petitioner was paroled from his Utah state sentence and released into the custody of the U.S. Marshal Service to begin serving his federal sentence. (*Id*., ¶ 11; Johnson Decl. ¶ 10). On August 29, 2011, the federal district court in Wyoming filed an Amended Judgment that provided that Petitioner's federal sentence in that case was intended to run concurrently to the undischarged term of his Utah state sentence. (*Id*., ¶¶ 9-10; Johnson Decl. ¶ 9).

Based on the Amended Judgment, the Bureau of Prisons (BOP) calculated Petitioner's federal sentence as commencing on August 23, 2010, the date it was imposed, rather than on February 15, 2011, the date Petitioner was taken into federal custody for service of the sentence. (*Id*., ¶ 12; Johnson Decl. ¶ 11). Because Petitioner had remained in the primary jurisdiction of Utah, the BOP did not apply to his federal sentence any time that Petitioner spent in federal custody prior to the imposition of his federal sentence. (*Id*., ¶ 13; Johnson Decl. ¶ 12). The BOP has since confirmed that the State of Utah tolled Petitioner's state sentence while he was in federal custody pursuant to the federal ad prosequendum writ. (*Id*.,

---

[1] Johnson is employed as a Correctional Programs Specialist at the Designation and Sentence Computation Center, Federal Bureau of Prisons, Department of Justice, located in Grand Prairie, Texas. (Doc. 8, Ex. 1, Johnson Decl. ¶ 1).

- 2 -

1  ¶ 14; Johnson Decl. ¶ 12).  Pursuant to 18 U.S.C. § 3585(b), the BOP has credited
2  Petitioner's sentence with the time he spent in federal custody prior to the imposition of his
3  federal sentence.  (*Id*., ¶ 15, Johnson Decl. ¶ 12).  Based on the BOP's revised calculation,
4  Petitioner has received 399 days of prior custody credit toward his federal sentence.  (*Id*., ¶
5  16; Johnson Decl. ¶ 13).  Petitioner's revised projected release date is June 28, 2023.  (*Id*.).

6  **II.     DISCUSSION**

7  Petitioner contends that he was "granted 388 days credit for time served" when he was
8  sentenced to a concurrent federal sentence by the federal district court in Wyoming.  (Doc.
9  1 at 4).  The basis of Petitioner's claim appears to be that the BOP has not applied that
10 sentence credit in computing his federal sentence.  Respondent contends that the BOP "has
11 credited Petitioner's sentence with the prior custody credits he seeks in the instant Petition."
12 (Doc. 8 at 4, citing Johnson Decl. ¶¶ 12-13).  Respondent requests that the habeas petition
13 be dismissed as moot.  (Doc. 8 at 4).

14 Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the
15 district courts "within their respective jurisdictions." A writ of habeas corpus operates not
16 upon the prisoner, but upon the prisoner's custodian. *Braden v. 30th Judicial Circuit Court*
17 *of Kentucky*, 410 U.S. 484, 494–495 (1973).  A habeas corpus action is the proper
18 mechanism for a prisoner to challenge the fact or duration of his confinement. *Preiser v.*
19 *Rodriguez*, 411 U.S. 475, 484-87 (1973); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th
20 Cir.1991).

21 "As a prudential matter, courts require that habeas petitioners exhaust all available
22 judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*,
23 678 F.3d 1042, 1045 (9th Cir.2012).  The exhaustion requirement in § 2241 cases is subject
24 to waiver because it is not required by statute and is not a "jurisdictional" prerequisite. *Id.*
25 Respondent has not argued that Petitioner did not exhaust available administrative remedies.
26 Any exhaustion requirement has been waived. *See Bowers v. Warden, Federal Prison Camp,*
27 *Yankton*, No. CIV 10-4006, 2011 WL 795546, at *1 (D.S.D. Feb. 25, 2011) (exhaustion not
28 raised by respondent).

Based on 18 U.S.C. § 3585(b), a defendant is only entitled to credit for time served prior to sentencing if that time has not been credited against another sentence. "[T]he Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992).

Here, the BOP has determined that Petitioner's Utah state sentence was tolled during the time he was in federal custody awaiting sentencing on his federal conviction and it has applied 399 days of prior custody credit to Petitioner's federal sentence. Petitioner has not filed a reply challenging this sentence computation. Petitioner therefore has received the remedy requested in his habeas petition.

In the present context, a petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir.2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. *Burnett v. Lampert*, 432 F.3d 996, 1000–01 (9th Cir.2005) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Where, as here, the agency has performed the action sought by a petitioner in litigation and the offending activity is not reasonably likely to recur, a federal court "lacks the ability to grant effective relief, and the claim is moot." *Rosemere Neighborhood Ass'n v. U.S. Environmental Protection Agency*, 581 F.3d 1169, 1173 (9th Cir.2009). Because mootness is jurisdictional, *Cole v. Oroville Union High School District*, 228 F.3d 1092, 1098–99 (9th Cir.2000), a moot petition must be dismissed because nothing remains before the Court to be remedied. *Spencer*, 523 U.S. at 18.

## III.   RECOMMENDATION

Based on the foregoing, the Magistrate Judge recommends that the District Judge, after its independent review, enter an Order dismissing as moot the Petition Under 28 U.S.C. § 2241 For A Writ of Habeas Corpus By A Person in Federal Custody (Doc. 1).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

1  The parties shall have fourteen (14) days from the date of service of a copy of this
2 recommendation within which to file specific written objections with the District Court. *See*,
3 28 U.S.C. § 636(b)(1) and Rules 72(b) and 6(a) of the Federal Rules of Civil Procedure.
4 Thereafter, the parties have fourteen (14) days within which to file a response to the
5 objections. Replies shall not be filed without first obtaining leave to do so from the District
6 Court. If any objections are filed, this action should be designated case number: **CV 13-**
7 **0082-TUC-RCC**. Failure to timely file objections to any factual or legal determination of
8 the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration
9 of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en
10 banc).

11  DATED this 25th day of June, 2014.

_____
Eric J. Markovich
United States Magistrate Judge